| UNITED STATES BANKRUPTCY COURT | Index No. 17-12980-cgm |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------------X  Chapter 7

In re

       LAWRENCE MYRON GOLDFARB,

                                       Debtor.

-----------------------------------------------------------------X

**MOTION OF JIL MAZER-MARINO FOR RULE 2004 EXAMINATION OF THE DEBTOR AND FOR EXTENSION OF TIME TO OBJECT TO DISCHARGE**

TO THE HONORABLE CECILIA G. MORRIS
CHIEF UNITED STATES BANKRUPTCY JUDGE:

      The application of JIL MAZER-MARINO, as Chapter 7 Trustee for Breakaway Fashion, Inc., by her attorneys, Vlock & Associates, P. C., respectfully represents:

## BACKGROUND

      1.      On October 24, 2017, the Debtor filed a voluntary petition for relief under chapter 13, title 11 of the United States Code (the "Bankruptcy Code").

      2.      On November 9, 2017, the Debtor filed a Notice of Voluntary Conversion from Chapter 13 to Chapter 7 (Docket No. 7).

      3.      Angela G. Tese-Milner has been appointed as the Chapter 7 Trustee in this case.

      4.      This application of JIL MAZER-MARINO, as Chapter 7 Trustee for Breakaway Fashion, Inc., and as a judgment creditor of the Debtor herein, seeks an order requiring the Debtor, LAWRENCE MYRON GOLDFARB, to appear for examination and to produce documents pursuant to Rule 2004.

      5.      JIL MAZER-MARINO, was appointed as Chapter 7 Trustee in a Bankruptcy case before the United States Bankruptcy Court for the Southern District of New York, entitled "In re

Breakaway Fashion, Inc.", Case No. 13-12210-jlg, and commenced an Adversary Proceeding therein under Adv. Proc. No. 15-01043 against LAWRENCE M. GOLDFARB and others.

6. On October 27, 2016, a Judgment by Consent was entered in the aforesaid Adversary Proceeding against the LAWRENCE GOLDFARB, in the sum of $695,000.00 (the "Judgment").

### **REQUEST FOR RULE 2004 EXAMINATION OF DEBTOR**

7. JIL MAZER-MARINO now seeks the Rule 2004 examination of the Debtor to determine the nature and extent of the estate and to discover assets of the Debtor that may have been intentionally or unintentionally concealed, as she is entitled to do as a matter of law and compelled to do as Chapter 7 Trustee in the case relating to Breakaway Fashion, Inc. The documents to be produced by the Debtor are contained in Exhibit "A" annexed hereto.

8. Bankruptcy Rule 2004(a) states that: "On motion of any party in interest the Court may order the examination of any person." The scope of examinations under Rule 2004(b) may include, among other things, any matter that may relate to the property and assets of the estate, the financial condition of the debtor, any matter that may affect the debtor's right to a discharge, and any matter which may affect the administration of the estate.

9. The scope of examinations under Bankruptcy Rule 2004 is very broad, and is commonly recognized as more in the nature of a "fishing expedition." *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005); *In re Hughes*, 281 B.R. 224, 226 (S.D.N.Y. 2002); *In re Balakis*, 199 B.R. 443, 447 (E.D.NY. 1996).

10. The purpose of a Rule 2004 examination is to assist the investigator in revealing the nature and extent of the estate and to discover assets of the debtor that may have been

intentionally or unintentionally concealed. *In re Bennet Funding Group, Inc.*, 203 B.R. 24, 27-28 (N.D.N.Y 1996).

11. "Rule 2004 has been termed the basic discovery device used in bankruptcy cases, permitting the examination of any party without the requirement of a pending adversary proceeding or contested matter....Its obvious purposes are the discovery of assets of the estate and the exposure of fraudulent conduct." *In re Symington*, 209 B.R. 678, 683-84 (Bankr. D. Md. 1997).

12. Accordingly, JIL MAZER-MARINO respectfully requests that the Court order the examination of and document production by the Debtor.

## **REQUEST TO EXTEND THE TIME TO OBJECT TO DISCHARGE**

13. In addition, JIL MAZER-MARINO respectfully requests that the Court extend the time to object to discharge or dischargeability of debts for 60 days to allow sufficient time to obtain the document production and examination of the Debtor, as requested above, and to determine if cause exists to object to discharge or dischargeability of debt.

14. Currently, the deadline to object to discharge or dischargeability of debts is February 16, 2018. By the time that the Court entertains this motion and issues an Order for the examination of the Debtor, and allowing sufficient time thereafter for the Debtor to produce documents and to appear for examination, the deadline of February 16, 2018 will certainly have passed. Consequently, we respectfully request that the Court extend the time to object to discharge or dischargeability of debts for 60 days. Additionally, cause exists to extend the time to object to discharge because the Debtor did not file his Schedules until December 14, 2017, months after the case was filed and only three business days prior to the 341 meeting.[1]

---

[1] Also, the Debtor did not file Schedule J until January 9, 2018.

WHEREFORE, it is respectfully requested that this Court grant the instant motion in its entirety, together with such other and further relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
January 17, 2018

                                              VLOCK & ASSOCIATES, P.C.
Attorneys for Attorneys for Jil Mazer-Marino, as Chapter 7 Trustee for Breakaway Fashion, Inc.
630 Third Avenue, 18th Floor
New York, New York 10017
(212) 557-0020

By: s/*Stephen Vlock*
Stephen Vlock, Esq.