ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Gerard DiConza
Lance A. Schildkraut
Email:   gdiconza@archerlaw.com
           lschildkraut@archerlaw.com

*Counsel for the Chapter 7 Trustee, Angela Tese-Milner*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re

Lawrence Myron Goldfarb,                              Case No. 17-12980 (CGM)
                                                                               Chapter 7 Case
                                          Debtor.
---------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF APPLICATION OF ANGELA TESE-MILNER, CHAPTER 7 TRUSTEE, FOR AN ORDER DIRECTING THE PRODUCTION OF DOCUMENTS AND APPEARANCE AT EXAMINATIONS PURSUANT TO BANKRUPTCY RULE 2004

        PLEASE TAKE NOTICE that Angela-Tese Milner, Chapter 7 trustee (the "**Trustee**") of the estate of Lawrence Myron Goldfarb, debtor (the "**Debtor**") will present the annexed Application (the "**Application**"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order (a) directing the Examination Parties to produce certain documents to the Trustee and to appear for examination pursuant to Bankruptcy Rule 2004, and (b) authorizing the Trustee to examine persons and entities determined to possess information relevant to the Trustee's investigation, to obtain all information that is relevant to the Debtor's estate in the possession, custody or control of the Examination Parties, to the Honorable Cecelia G. Morris, United States Bankruptcy Judge, for signature on **June 11, 2018 at 12:00 noon**.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Application and the proposed order annexed hereto must be made in writing, with a hard copy delivered to the Chambers of the Honorable Cecelia G. Morris, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, which objection shall conform to the Bankruptcy Rules, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York and be filed with the Bankruptcy Court, and must be served on Archer & Greiner, P.C., counsel for Angela Tese-Milner, Chapter 7 Trustee, 630 Third Avenue, New York, NY 10017 (Attn: Gerard DiConza) so as to be actually received **not later than 11:30 a.m. on June 11, 2018** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served, the Trustee may, on or after the Objection Deadline, submit the order to the Court substantially in the form annexed hereto, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
May 23, 2018

ARCHER & GREINER, P.C.

By: /s/ Gerard DiConza
    Gerard DiConza
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Fax: (212) 682-4942
Email: gdiconza@archerlaw.com

*Counsel for the Chapter 7 Trustee,
Angela Tese-Milner*

ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Gerard DiConza
Lance A. Schildkraut
Email:  gdiconza@archerlaw.com
         lschildkraut@archerlaw.com

*Counsel for the Chapter 7 Trustee, Angela Tese-Milner*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re

Lawrence Myron Goldfarb,                        Case No. 17-12980 (CGM)
                                                              Chapter 7 Case
                                    Debtor.
---------------------------------------------------------------x

**APPLICATION OF ANGELA TESE-MILNER, CHAPTER 7 TRUSTEE,
FOR AN ORDER DIRECTING THE PRODUCTION OF DOCUMENTS AND
APPEARANCE AT EXAMINATIONS PURSUANT TO BANKRUPTCY RULE 2004**

TO THE HONORABLE CECELIA G. MORRIS,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

        Angela Tese-Milner, Chapter 7 trustee (the "**Trustee**") of the estate of Lawrence Myron Goldfarb (the "**Debtor**"), submits this application (the "**Application**"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order (a) directing the Examination Parties (as defined below) to produce certain documents to the Trustee and to appear for examination pursuant to Bankruptcy Rule 2004, and (b) authorizing the Trustee to examine persons and entities determined to possess information relevant to the Trustee's investigation, to obtain all information that is relevant to the Debtor's estate in the possession, custody or control of the Examination Parties. In support of this Application, the Trustee respectfully states as follows:

**BACKGROUND**

1. On October 24, 2017, the Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code. On November 9, 2017, the Debtor filed a Notice of Voluntary Conversion from chapter 13 to chapter 7 and on November 20, 2017, Angela Tese-Milner was appointed as the chapter 7 trustee for the Debtor's estate.

2. On December 13, 2017, the Debtor filed his schedules of assets and liabilities and statement of financial affairs, except for schedule J which was filed on January 9, 2017.

3. Upon information and belief, Debtor works in the garment industry and designs and sells women's sportswear and denim products through different companies that he owns or has intertest in and operates with his son. Some of the companies may be jointly owned by the Debtor and his son and others may be wholly owned by the Debtor.

4. Upon information and belief, the Debtor has concealed, misrepresented and/or failed to use candor and completeness in listing his assets and/or sources of income in his bankruptcy schedules. Specifically, as set forth in ¶ 22 of the *Objection of Fly Through, Inc. to Creditors' Motion for Orders Dismissing This Case or for the Court Abstaining from Exercising Its Jurisdiction with Points and Authorities* [Doc. No. 41], the Debtor owns intellectual property including the REACTIVATE trademark and RCTIV8 trademark which he did not disclose in his bankruptcy schedules. In addition, the Trustee believes potential fraudulent transfer claims may exist based upon transfers to family members and non-debtor entities that are alter egos of the Debtor.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157(a) and 1334.

6. This Application presents a core matter pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), (b)(2)(E), (b)(2)(F), and (b)(2)(O).

7. Venue in this district is proper pursuant to 28 U.S.C. § 1408.

## RELIEF REQUESTED

8. By this Application, the Trustee seeks an order, pursuant to Bankruptcy Rule 2004, authorizing her to obtain books, records, documents and information and additional information from the various parties identified on Exhibit A hereto (the "**Examination Parties**") and for them to produce financial records with respect to the Debtor's assets and sources of income.

9. The Trustee may also request that certain of the Examination Parties appear to be examined under oath and to provide information the Trustee deems necessary for a meaningful investigation.

10. The Trustee and the creditors of the Debtor's estate should have clarity regarding the Debtor's pre-petition and post-petition financial condition. The Trustee needs information on the Debtor's use of funds and transfers of property. The examination of the documents and the Debtor through the Examination Parties is essential to determine whether any recoverable avoidance claims exist, whether any assets have been concealed, whether any misconduct occurred, whether the petition and schedules are accurate and what assets and other causes of action may exist for the benefit of the estate. The Trustee believes that these questions

can be answered only by obtaining and examining the books, records, documents and information from the Examination Parties.

11. For the foregoing reasons, the Trustee respectfully seeks an order from this Court authorizing the Trustee to issue and serve subpoenas (collectively, the "**Subpoenas**") upon the Examination Parties.

## LEGAL AUTHORITY

12. Bankruptcy Rule 2004(a) provides that a court may order an examination of a person upon request of a party in interest. The scope of the examination is intended to be broad and may include the acts, conduct, or property of a debtor, or the financial condition of a debtor, as well as any matter that may affect the administration of a debtor's estate. *See* Fed. R. Bankr. P. 2004(b).

13. Bankruptcy Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted); s*ee also In re Hilsen*, No. 87–11261, 2008 WL 2945996, at *4 (S.D.N.Y. July 25, 2008). In this regard, courts have recognized that Rule 2004 examinations are broad and unfettered and may be in the nature of "fishing expeditions." *In re Enron Corp.*, 281 B.R. at 840. Moreover, Bankruptcy Rule 2004 is meant to provide broad power to investigate any matter that may affect the administration of the estate. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991) ("The object of the examination of the [debtor] and other witnesses is to show the condition of the estate and to enable the Court to discover its extent and whereabouts[.]"); *see also In re MF Global Inc.*, No. 11–02790 2013 WL 74580 (Bankr. S.D.N.Y. January 8, 2013); *In re Sun Med. Mgmt., Inc.*, 104

B.R. 522, 524 (Bankr. M.D. Ga. 1989) ("Bankruptcy Rule 2004 examinations are allowed for the purpose of discovering assets and unearthing frauds.").

14. Here, a Bankruptcy Rule 2004 examination of the Examination Parties is necessary to investigate the Debtor's financial affairs generally and determine whether any recoverable avoidance claims exist, whether any assets have been concealed, whether any misconduct occurred, whether the petition and schedules are accurate and what assets and other causes of action may exist for the benefit of the estate. To fulfill her statutory mandate to investigate the Debtor's financial affairs, the Trustee needs the authority to conduct examinations pursuant to Bankruptcy Rule 2004.

15. The information the Trustee seeks concerns the Debtor's "acts, conduct, or property" and "liability and financial condition," topics expressly within the scope of Bankruptcy Rule 2004. *See* Fed. R. Bankr. P. 2004(b). The information also concerns matters "which may affect the administration of the debtor's estate" in accord with the text of the Rule, such as possible diversions of funds or fraudulent transfers to, and potential claims against, individuals and entities that may have received assets of the Debtor without fair consideration.

16. For all of the foregoing reasons, the Trustee respectfully submits that she has demonstrated ample cause to conduct the examinations requested herein, and that the Court should enter the order that the Trustee requests.

## NOTICE

17. The Trustee will serve notice and a copy of this Application on the Debtor's counsel and all Examination Parties. Based upon the foregoing, the Trustee respectfully submits that notice of the instant Application and the relief sought herein is sufficient, and that no additional or further notice should be required.

18. No prior request for the relief requested in this Application has been made to this Court or any other court.

**WHEREFORE**, the Trustee respectfully requests that (a) pursuant to Bankruptcy Rule 2004, the Court enter an order substantially in the form attached hereto as Exhibit B, (i) directing the Examination Parties to produce to the Trustee all relevant books, records, documents and information relating to the Debtor's transfers, assets, and liabilities, (ii) compelling each of the Examination Parties to appear and be examined under oath as described herein to the extent the Trustee deems necessary for a meaningful investigation, and (b) the Court grant such other and further relief as may be just and proper.

Dated: New York, New York  
May 23, 2018

ARCHER & GREINER, P.C.

By: /s/ Gerard DiConza  
Gerard DiConza  
630 Third Avenue  
New York, New York 10017  
Tel: (212) 682-4940  
Email: gdiconza@archerlaw.com

*Counsel for the Chapter 7 Trustee,*  
*Angela Tese-Milner*

# EXHIBIT A

## Examination Parties

| Examination Party | Relationship to Debtor |
|---|---|
| Gail Helene Goldfarb<br>250 W 93 St., #9H<br>New York, NY 10025 | wife/co-trustee of family trust |
| Russell Goldfarb<br>30 Butler St.<br>Cos Cob, CT 06807 | son/business associate |
| Kristin D. Goldfarb<br>30 Butler St.<br>Cos Cob, CT 06807 | daughter in law (wife of Russell Goldfarb) |
| Dani Nadel<br>680 West End Ave., Apt. # 5B<br>New York, NY 10025 | daughter/co-trustee of family trust |
| David Goldberg<br>680 West End Ave., Apt. # 5B<br>New York, NY 10025 | son in law (husband of Dani Nadel) |
| Ivory Co., Ltd.<br>c/o Wayne Greenwald, P.C.<br>Attn: Wayne Greenwald, Esq.<br>475 Park Avenue South – 26th Floor<br>New York, NY 10016 | creditor |
| Ivory Vietnam -Thank Hoa Co., Ltd.<br>c/o Wayne Greenwald, P.C.<br>Attn: Wayne Greenwald, Esq.<br>475 Park Avenue South – 26th Floor<br>New York, NY 10016 | creditor |
| G 18 Corporation<br>215 W. 40th St., 9 FL<br>New York, NY 10018 | company owned by Debtor |
| Finewear Fashions Inc.<br>215 W. 40th St., 9F<br>New York, NY 10018 | company owned by Debtor |
| Fabritex Inc.<br>215 W. 40th St. 9F<br>New York, NY 10018 | company owned by Debtor |
| LG 24 Corp<br>215 West 40th St. 9F<br>New York, NY 10018 | company owned by Debtor |
| Main Street Apparel Corporation<br>215 West 40th St.<br>New York, NY 10018 | company owned by Debtor |

| | |
|---|---|
| KIK LLC<br>333 East 102 Street, Suite 807<br>New York, NY 10029<br><br>KIK LLC<br>c/o Spiegel & Utera, P.A., P.C., Registered Agent<br>1 Maiden Lane, 5th Floor<br>New York, NY 10038 | company owned by Debtor |
| KIK Fashions Inc.<br>215 West 40th Street, Floor 9<br>New York, NY 10018<br><br>KIK Fashions Inc.<br>c/o Spiegel & Utera, P.A., P.C., Registered Agent<br>1 Maiden Lane, 5th Floor<br>New York, NY 10038 | company owned by Debtor |
| TRUE Model Management, L.L.C.<br>207 E. 74th St., Apt. 8D<br>New York, NY 10021<br><br>TRUE Model Management, L.L.C<br>265 W. 37th St.<br>New York, NY 10018 | contractor/modeling agency |
| Jacob Korogodsky<br>2076 19th St., Apt. 2A<br>Astoria, NY 11105-4111<br><br>Jacob Korogodsky<br>c/o Kory Group, Inc.<br>401 East 86th St., Suite 15<br>New York, NY 10028 | owner of trademarks used by Debtor |
| Kory Group Inc.<br>401 East 86th Street, Suite 15N<br>New York, NY 10028<br><br>Kory Group Inc.<br>c/o Spiegel & Utera, P.A., P.C., Registered Agent<br>1 Maiden Lane, 5th Floor<br>New York, NY 10038 | company owned by Jacob Korogodsky/customer |
| Ken Du/Kenny Do<br>133-10 39th Ave.<br>Flushing, NY 11354 | accountant |

| | |
|---|---|
| Wei Wei & Co.<br>133-10 39th Avenue<br>Flushing, NY 11354 | accountant |
| JP Morgan Chase & Co.<br>c/o CT Corporation System<br>111 8th Avenue, 13th Floor<br>New York, NY 10017<br><br>J.P. Morgan Chase & Co.<br>270 Park Avenue<br>New York, NY 10017<br><br>JPMorgan Chase Bank, N.A.<br>7610 W. Washington St., Fl. 1<br>Indianapolis, IN 46231 | bank |
| Wells Fargo<br>c/o Corporation Service Company,<br>Registered Agent<br>80 State Street<br>Albany, NY 12207-2543 | bank |
| Capital One Bank USA, N.A.<br>Attn: 12070-7000 (Subpoena Dept.)<br>15000 Capital One Drive<br>Richmond, VA 23238-1119<br><br>Capital One Bank USA, N.A.<br>c/o Corporation Service Company,<br>Registered Agent<br>80 State Street<br>Albany, NY 12207-2543 | credit card |
| Bank Leumi USA<br>579 Fifth Avenue<br>New York, NY 10017<br><br>Bank Leumi USA<br>c/o Parker Chapin Flattau & Klimpl<br>Attn: James M. Jacobson<br>530 Fifth Avenue<br>New York, NY 10036 | issued letters of credit |
| E*Trade<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207-2543<br><br>E*Trade<br>671 N. Glebe Rd., 16th Floor<br>Arlington, VA 22203 | financial accounts |

**EXHIBIT B**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re

Lawrence Myron Goldfarb,   Case No. 17-12980 (CGM)
                           Chapter 7 Case
                Debtor.
---------------------------------------------------------------x

## ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO
## CONDUCT DISCOVERY UNDER BANKRUPTCY RULE 2004

Angela Tese-Milner, Chapter 7 trustee (the "**Trustee**") of the estate of Lawrence Myron Goldfarb, debtor (the "**Debtor**"), having filed an application (the "**Application**")[1] pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for an order (a) directing the parties identified on Exhibit A to the Application (the "**Examination Parties**") to produce certain documents to the Trustee and to appear for examination pursuant to Bankruptcy Rule 2004, and (b) authorizing the Trustee to discover books, records, documents and information and to examine persons and entities determined to possess information relevant to the investigation, to obtain all information that is relevant to the Debtor's estate in the possession, custody or control of the Examination Parties; and it appearing that due and sufficient notice of the Application having been given and no further notice need be given; and sufficient cause appearing therefor; it is

ORDERED that the Application is granted; and it is further

ORDERED that the Trustee is authorized to issue and serve subpoenas (each, a "**Subpoena**") for production of documents and to examine the Examination Parties in accordance with the Federal Rule of Civil Procedure 45; and it is further

---

[1] Terms not otherwise defined herein shall have the meaning ascribed in the Application.

ORDERED that this Court shall retain jurisdiction and authority to enforce and resolve any issues with respect to the relief provided by this Order.